UNITED STATES

v.

James G. BUTTERBAUGH, 166 56 7850, Builder Constructionman Recruit (E–1), U.S. Navy.

NMCM 85 1438.

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 14 Feb. 1985.

Decided 25 July 1985.

CDR David C. Larson, JAGC, USN, Appellate Defense Counsel.

LT J. Cunyon Gordon, JAGC, USN, Appellate Defense Counsel.

LT Linda P. McIntyre, JAGC, USNR, Appellate Government Counsel.

Before COUGHLIN, Senior Judge, and MITCHELL and BARR, JJ.

PER CURIAM:

The sole issue for resolution is whether appellant was denied his right to a speedy trial under R.C.M. 707(a), *Manual for Courts-Martial, 1984*, where in excess of 120 days passed between the date appellant was served with notice of preferral (6 September 1984) and the date of trial (14 February 1985). The evidence of record on this issue is basically confined to the chronologies contained in the defense and government trial briefs, the essential aspects of which were admitted to evidence by stipulation. The only "finding" entered by the military judge in his resolution of the motion, denying same, was to announce that the government was accountable for two periods, which totalled, for purposes of the 120 day rule, 117 days. No additional findings which would correlate to the statutory grounds for exclusion set forth in R.C.M. 707(c) were stated.

In *United States v. Postle*, 20 M.J. 632 (N.M.C.M.R.1985), we commented at length on the duty, made mandatory by R.C.M. 905(d), of a military judge to state the essential findings upon which a pretrial motion is decided. We, further, discussed when essential findings must be entered and to what matters such findings extended, with the resultant holding

(t)hat as to any motion raised under R.C.M. 905(d) ... a military judge must, whether the motion be granted or denied, set forth: (1) the specific facts found, based on the totality of the evidence introduced, which are relevant to and support his legal decision—not merely recite the evidence presented or state that the facts are not in dispute; (2) the legal basis for his decision; and, (3) any other statement which would serve to clarify his reason(s) for decision in order that an appellate court may determine whether he applied—or misapplied—appropriate legal standards and/or presumptions and whether his decision amounts to an abuse of discretion or legal error.

*United States v. Postle*, 20 M.J. at 640.

The decision in *Postle* did not announce new law "judicially created" by this Court; we did no more than enunciate, as decisional law, those parameters of the rule already self-evident by the clear language of

R.C.M. 905(d) and prior case law relating to the concept of special findings. *See United States v. Spriddle*, 21 M.J. 314 (N.M.C. M.R.1985).

In the instant case, we have only the ultimate conclusion reached by the military judge which found two distinct periods attributable to the government. We cannot discern from these limited and general findings what R.C.M. 707(c) exclusions the military judge found to be evidenced by the stipulated facts, or, for that matter, which of the stipulated facts were essential to the ruling entered. Furthermore, we are provided no insight into the legal basis for the decision of the military judge. In this respect, it is noted that the trial counsel argued that time which elapses between the setting of a docket date and the taking place of the event docketed is neutral time—not attributable to the government. We do not know whether this proffered legal argument was adopted by the military judge as a conclusion of law and formed a basis for his ruling. Counsel also took differing views on whether certain delays were the result of defense acquiescence or defense consent and on the legal significance, for purposes of accountability, of three periods during which the defense counsel was on temporary orders from his command. In fact, it appears that the parties to trial differed on whether the defense counsel volunteered for, or objected to, such orders to Bermuda—a factual issue still unresolved. While we might, under the circumstances extant in this case where detailing of defense counsel workload is accomplished by the senior defense counsel, question the viability of cases such as *United States v. Powell*, 2 M.J. 849 (A.C.M. R.1976), which conclude that delays caused by compliance with military orders issued to a defense counsel are accountable against the government, we are unable to determine whether such factors and reasoning weighed in the decision of the military judge.

In short, the absence of essential findings and conclusions of law relevant to the litigated issue renders it impossible for us to determine whether the military judge abused his discretion and/or committed legal error. The remedy for failure to adequately comply with R.C.M. 905(d) is to either set aside the affected findings of guilty and order a rehearing or return the record of trial to the military judge for compliance with that rule. We choose the latter. In doing so, we wish to convey the sense that the matters recited above, chosen to example the manner in which the proceedings fell short of meeting the standards of R.C.M. 905(d), as articulated in *Postle*, are not intended to be an exclusive explication of the infirmities which might be found to exist in the inadequately stated ruling of the military judge.

Accordingly, the record of trial is returned to the military judge for entry, in writing, of essential findings of fact, conclusions of law, and the legal basis for his decision, in conformance with R.C.M. 905(d). Upon compliance with this order, the judge will transmit the record back to this Court for completion of appellate review.